EDMUND WILSON, ATTORNEY-GENERAL, &c., RELATOR, v. HENRY A. FROMM, MICHAEL P. DEVINE, THOMAS Y. BYE AND PETER M. KLING.

Submitted July 7, 1910—Decided December 17, 1910.

1. The act of April 8th, 1909 (*Pamph. L., p.* 98), creating a board of excise commissioners in cities having a population of not less than fifty thousand nor more than one hundred thousand inhabitants, is not a "private, local or special law" regulating the internal affairs of towns or counties, within the constitutional prohibition.

2. The death of one of the five members of a board of excise commissioners elected in pursuance of the act of April 8th, 1909 (*Pamph. L., p.* 98), before such member was inducted into office, does not render the four remaining members incapable in law of exercising the functions of a board of excise commissioners.

On *quo warranto.*

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the relator, *William R. Wilson* and *Alan H. Strong.*

For the defendants, *James C. Connolly.*

The opinion of the court was delivered by

TRENCHARD, J.    The information in this case calls upon the defendants to answer by what warrant they exercise the functions of a board of excise commissioners in and for the city of Elizabeth.

The plea sets up as the authority for the exercise of such functions, an act approved April 8th, 1909 (*Pamph. L., p.* 98), entitled "An act to establish an excise department in certain cities of this state," and further sets forth that they were elected at the general election held in Elizabeth in the year 1909, to hold office as commissioners under that act for a term of three years commencing on the first day of Jan-

uary, 1910, and that Pierre Banker, who was elected at the same time with them as a member of such board, died after his election and before the first day of January, 1910, in consequence of which he was never inducted into office.

The attorney-general demurred to this plea upon two grounds—*first,* because the act of April 8th, 1909, is a special act affecting the internal affairs of towns or counties within the constitutional prohibition; and *second,* because by reason of the death of one of the commissioners elected under that statute before he was inducted into office, the defendants are incapable in law of exercising the functions of a board of excise commissioners.

We are of the opinion that the act in question is not within the constitutional prohibition stated.

It is first argued that the classification by population is invalid.

Section one of the act (*Pamph. L.* 1909, *p.* 98) provides that "in all cities of this state now or hereafter having within their territorial limits a population of not less than fifty thousand or more than one hundred thousand inhabitants, according to the United States or state census, there shall be, and hereby is established, a board of excise commissioners to consist of five members to serve for the term of three years, which board shall be elected on a general ticket at the election in such city next after the passage of this act," and confers upon such board the usual powers of a board of excise within such cities.

Whatever doubts may have formerly existed as to the constitutionality of such a classification have been set at rest by the decision of the Court of Errors and Appeals in *Wilson* v. *McKelvey,* 49 *Vroom* 621. In that case an act creating a board of public works in cities having a population of not less than one hundred thousand nor more than two hundred thousand inhabitants was held not within the constitutional prohibition. In delivering the opinion of the court, Mr. Justice Swayze said: "An examination of the numerous decisions of our courts since the adoption of the amendment of 1875, prohibiting private, local or special laws regulating the

internal affairs of towns and counties, demonstrates that a law will be general, although it embraces only a class of cities formed on the basis of their population according to the discretion of the legislature, provided the law deals merely with the structure and machinery of government, and provided the class does not appear to have been formed illusively. The cases go further, however, and demonstrate that a classification will not be deemed illusive merely because the effect is to make the legislation applicable to cities of a certain size only. Where the act relates to the structure or machinery of government, something more must appear, in order that the court may hold the classification illusive, than the mere fact that only certain cities come within the class." After pointing out cases dealing with statutes in which the classification *was not based upon population alone, but upon an illusive classification* rendering the acts unconstitutional, he cites a long line of decisions where legislation relating to the structure and machinery of municipal government has been sustained *"where the classification was based upon population alone,* and that without regard to the number of the municipalities that might be brought within the class." Continuing, he says: "We find nothing in the act creating the board of public works which shows a palpable evasion of the constitutional requirements. The fact that the act at present is applicable only to Paterson is not sufficient, since it expressly contemplates that other cities may become subject to the act. *The fact that it creates a new form of government for Paterson, different from that in existence in smaller municipalities, and from that in existence in larger municipalities, is not enough,* for the same argument could have been used in any of the cases we have cited."

So far as the present objection to the act now under consideration is concerned, we are unable, upon principle, to distinguish the present case from Wilson *v.* McKelvey. The effect of the act, when considered in connection with other legislation, is merely to create a structure and machinery of government different from that existing in smaller and larger cities with regard to the same subject-matter.

It is next urged that the act of 1909 is special because it cannot apply to cities which may hereafter acquire the population required by the act.

The difficulty with this contention is want of foundation for the premise upon which it is based.

We have pointed out that the act by its express terms applies to "all cities of this state *now or hereafter having within their territorial limits a population of not less than fifty thousand or more than one hundred thousand inhabitants.*" The argument that the words "at the election in such city next after the passage of this act," limits the operation of the act to such cities as shall elect excise commissioners at the election next following the passage of the act, leaves out of consideration the preceding language of the act to which we have called attention. Moreover, the Court of Errors and Appeals, in considering similar statutes, has held that the words "at the election next after the passage of this act" ought to be construed to mean the next election after the municipality comes into the class affected by the legislation. *Ross* v. *Freeholders of Essex*, 40 *Vroom* 291; *Seymour* v. *Orange*, 45 *Id.* 549; *Fagan* v. *Payne*, 46 *Id.* 851.

We are therefore of opinion that the act in question is not a "private, local or special law" regulating the internal affairs of towns or counties, within the constitutional prohibition.

We are also of opinion that the defendants are not incapable in law of exercising the functions of a board of excise commissioners by reason of the death of one of the commissioners, elected under the statute, before he was inducted into office.

As we have pointed out, the statute of 1909 provided that the board should consist of five members to be elected at the next election. The powers of the board are to be exercised as a continuous public trust. Clearly the death of one member only will not interrupt the discharge of such public duty. There still remains a sufficient number to confer together, deliberate, and, in view of the possibility of a division of opinion, to decide upon what course is to be adopted. *Gildersleeve* v. *Board of Education*, 17 *Abb. Pr.* (*N. Y.*) 201, 211;

*Oregon* v. *Jennings,* 119 *U. S.* 74, 90; *People* v. *Palmer,* 52 *N. Y.* 83.

The defendants are entitled to judgment upon the demurrer.